■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIAN CHAMPAGNE, Appellant. [31 NYS3d 218]—

Appeal by the defendant from an amended order of the County Court, Rockland County (Apotheker, J.), entered January 22, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the amended order is affirmed, without costs or disbursements.

The Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter the Guidelines) promulgated by the Board of Examiners of Sex Offenders (hereinafter the Board) contain four overrides that automatically result in a presumptive risk assessment of level three (*see People v Lagville*, 136 AD3d 1005 [2016]). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (*People v Lobello*, 123 AD3d

993, 994 [2014]; *see* Correction Law § 168-n [3]; *People v Schiavoni*, 107 AD3d 773 [2013]).

Here, the People established by clear and convincing evidence the applicability of the first override, based on the defendant's prior felony sex offense conviction (*see People v Guitard*, 57 AD3d 751, 752 [2008]; *People v Patterson*, 51 AD3d 750 [2008]), as well as the fourth override, based on the defendant's diagnosis of pedophilia (*see People v Lagville*, 136 AD3d at 1006; *People v Long*, 129 AD3d 687 [2015]).

" 'The risk level calculated from aggregating the . . . overrides is "presumptive" because the Board or court may depart from it if special circumstances warrant. The ability to depart is premised on a recognition that an objective instrument, no matter how well designed, will not fully capture the nuances of every case. Not to allow for departures would, therefore, deprive the Board or a court of the ability to exercise sound judgment and to apply its expertise to the offender' " (*People v Reynolds*, 68 AD3d 955, 956 [2009], quoting Guidelines at 4).

In order to warrant a downward departure, the defendant must first raise a mitigating circumstance that, as a matter of law, is of a kind or to a degree not adequately taken into account by the Guidelines. Second, the defendant must adduce sufficient evidence to establish, by a preponderance of the evidence, that the alleged mitigating circumstance actually exists in the case at hand. Third, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's risk of sexual recidivism (*see People v Gillotti*, 23 NY3d 841, 861 [2014]).

Here, the defendant, through the testimony of his expert psychiatrist, presented evidence that the application of the automatic override provisions to cases involving noncontact sexual offenses could produce anomalous or unintended results (*see People v Johnson*, 11 NY3d 416, 422 [2008]). However, he failed to establish, by a preponderance of the evidence, that such mitigating circumstance existed in this case (*see People v Blackman*, 78 AD3d 803 [2010]; *cf. People v Bretan*, 84 AD3d 906 [2011]). Therefore, the County Court correctly designated the defendant a level three sex offender. Leventhal, J.P., Chambers, Hinds-Radix and Connolly, JJ., concur.