People v Ramos (2018 NY Slip Op 08517)





People v Ramos


2018 NY Slip Op 08517


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-10487

[*1]People of State of New York, respondent,
v
John Ramos, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Joyce Adolfsen,
and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael Brennan, J.), dated September 6, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination in accordance herewith.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law § 168 et seq. [hereinafter SORA]), the Supreme Court assessed the defendant 130 points under the Risk Assessment Instrument (hereinafter RAI) and designated him a level three sex offender. With regard to the defendant's request for a downward departure, the court stated "the motion for a downward departure is premature and it's denied at this time without prejudice at a proper date." On appeal, the defendant challenges only the denial of his request for a downward departure.
The Supreme Court erred in denying the defendant's application for a downward departure as premature, without addressing the merits of the application. The court is required to make a determination with respect to a defendant's level of notification thirty calendar days prior to discharge, parole, or release (see Correction Law § 168-n). As part of its determination with respect to a defendant's level of notification, the court may depart downwardly from the presumptive risk level assessed by the Board of Examiners of Sex Offenders. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, a hearing was held on September 6, 2017, to determine the defendant's level of notification, 30 days prior to his scheduled release date of October 6, 2017. During the hearing, [*2]the Supreme Court should have determined the defendant's application for a downward departure on the merits.
Under these circumstances, we remit the matter to the Supreme Court, Kings County, for a new determination, at which time the court shall determine the defendant's application for a downward departure on the merits, and shall render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based, as mandated by Correction Law § 168-n(3).
BALKIN, J.P., SGROI, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court