People v Chamorro-Yax (2018 NY Slip Op 08703)





People v Chamorro-Yax


2018 NY Slip Op 08703


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-10486

[*1]People of State of New York, respondent,
v
Federico Chamorro-Yax, appellant.


Paul Skip Laisure, New York, NY (Lauren E. Jones of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Sarah G. Pitts of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael Brennan, J.), dated September 6, 2017. The order, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 90 points on the risk assessment instrument (hereinafter RAI), within the range for a presumptive designation as a level two sex offender. The court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level two sex offender. On appeal, the defendant challenges the denial of his request for a downward departure from his presumptive risk level.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
There was no evidence that the defendant's response to sex offender counseling was exceptional (see People v Artis, 162 AD3d 1081). Other factors identified by the defendant were taken into account in making a points assessment (see People v Young, 158 AD3d 829, 830). Accordingly, we agree with the Supreme Court's determination to deny the defendant's request for a downward departure.
RIVERA, J.P., SGROI, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court