People v Jonas (2019 NY Slip Op 00154)





People v Jonas


2019 NY Slip Op 00154


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-03545

[*1]People of State of New York, respondent,
v
Jermaine Jonas, appellant.


Paul Skip Laisure, New York, NY (Erica Horwitz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Danny K. Chun, J.), dated February 27, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of patronizing a prostitute in the second degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), at which the defendant sought a downward departure from his presumptive level-two risk designation, the Supreme Court designated the defendant a level two sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, contrary to the defendant's contention, a downward departure was not warranted, as none of the factors put forward by the defendant, either singly or in combination with each other, showed that the presumptive risk level overassessed the defendant's dangerousness and risk of sexual recidivism (see generally People v Gillotti, 23 NY3d at 861; People v Baker, 163 AD3d 1007; SORA: Risk Assessment Guidelines and Commentary at 2 [2006]).
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court