People v Powell (2019 NY Slip Op 05170)





People v Powell


2019 NY Slip Op 05170


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-10341

[*1]People of State of New York, respondent,
v
Douglas Powell, appellant.


Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Niki Bargueiras of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael Brennan, J.), dated June 28, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination in accordance herewith.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law § 168 et seq.; hereinafter SORA), the Supreme Court assessed the defendant 105 points and designated him a level two sex offender. With regard to the defendant's request for a downward departure, the court found it to be "premature." On appeal, the defendant challenges only the denial of his request for a downward departure.
The Supreme Court is required to make a determination with respect to a defendant's risk level 30 calendar days prior to discharge, parole, or release (see Correction Law § 168-n). As part of its determination with respect to a defendant's risk level, the court may depart downwardly from the presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
As the People correctly concede, the Supreme Court should not have denied the defendant's application for a downward departure as premature, but instead, should have addressed [*2]the merits of the application (see People v Ramos, 167 AD3d 787).
Under these circumstances, we remit the matter to the Supreme Court, Kings County, for a new SORA hearing, at which time the court shall determine the defendant's application for a downward departure on the merits, and shall issue an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based, as mandated by Correction Law § 168-n(3) (see People v Ramos, 167 AD3d at 789).
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court