People v Torres-Ordonez (2019 NY Slip Op 06193)





People v Torres-Ordonez


2019 NY Slip Op 06193


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-01038

[*1]People of State of New York, respondent,
v
Endrick Torres-Ordonez, appellant.


Janet E. Sabel, New York, NY (Justine M. Luongo and Laura Lieberman Cohen of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Mario F. Mattei, J.), dated October 21, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant was designated a level three sex offender. On appeal, the defendant challenges the assessment of points under risk factors 2 and 4, and the denial of his request for a downward departure.
We agree with the Supreme Court's assessment of 10 points under risk factor 2 for physical contact under clothing, based upon clear and convincing evidence that the defendant made contact with the victim under her pants and touched her buttocks, "regardless of what other clothing she might have been wearing under her [pants]" (People v Dunning, 166 AD3d 405, 406).
We also agree with the Supreme Court's assessment of 20 points under risk factor 4 for engaging in a continuing course of conduct, based upon clear and convincing evidence that the defendant engaged in three or more acts of sexual contact with the victim over a period of at least two weeks (see People v Vasquez, 167 AD3d 789; see also SORA: Risk Assessment Guidelines and Commentary at 10 [2006] [hereinafter Guidelines]).
Finally, we agree with the Supreme Court's determination to deny the defendant's request for a downward departure from the presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine [*2]whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the mitigating factors identified by the defendant were adequately taken into account by the Guidelines (see People v Curry, 158 AD3d 52, 62). "In the absence of an appropriate mitigating factor and proof of that factor by a preponderance of the evidence, as a matter of law the Supreme Court did not have the discretion to depart from the defendant's presumptive risk level" (People v Curry, 158 AD3d at 62; see People v Hawthorne, 158 AD3d 651, 654).
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level three sex offender.
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court