People v Felton (2019 NY Slip Op 06423)





People v Felton


2019 NY Slip Op 06423


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-09982

[*1]People of State of New York, respondent,
v
Eric Felton, appellant.


Janet E. Sabel, New York, NY (Jose David Rodriguez Gonzalez of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Elizabeth A. Foley, J.), dated August 24, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 115 points, within the range for a presumptive designation as a level three sex offender. The court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level three sex offender. On appeal, the defendant challenges the denial of his request for a downward departure from his presumptive risk level.
A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
We agree with the Supreme Court's denial of the defendant's application for a downward departure from his presumptive risk level. As the court found, the defendant's physical limitations were not sufficient to reduce his risk of reoffending. Further, the defendant's response to sex offender treatment was characterized as "acceptable"; he failed to establish by a preponderance of the evidence that his response was exceptional (see People v Artis, 162 AD3d 1081). Moreover, the support of the defendant's family was adequately taken into account by the Guidelines, since that factor was relevant to his living situation after his discharge (see People v [*2]Hawthorne, 158 AD3d 651).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level three sex offender.
RIVERA, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court