People v Garcia (2019 NY Slip Op 09304)





People v Garcia


2019 NY Slip Op 09304


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-10816

[*1]People of State of New York, respondent, 
v
Jose Garcia, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel; Devin Loguercio on the brief), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated August 23, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Contrary to the defendant's contention, the People sustained their burden of demonstrating, by clear and convincing evidence (see Correction Law § 168-n[3]), the facts supporting the designation of the defendant as a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). In this regard, the case summary prepared by the Board of Examiners of Sex Offenders and the underlying investigatory police file containing witness interview reports and documents constituted reliable hearsay evidence establishing the victim's age and the ongoing nature of the defendant's misconduct (see People v Sincerbeaux, 27 NY3d 683, 688; People v Mingo, 12 NY3d 563, 573; People v Tuitt, 175 AD3d 517, 518).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the alleged mitigating circumstances identified by the defendant either were adequately taken into account by the Guidelines or, under the totality of the circumstances of this case, did not warrant a downward departure to avoid an overassessment of the defendant's [*2]dangerousness and risk of sexual recidivism (see People v McKinney, 173 AD3d 1074, 1075; People v Somodi, 170 AD3d 1056, 1058; People v Jonas, 168 AD3d 775, 775-776; People v Baker, 163 AD3d 1007, 1008). Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure from the presumptive risk level.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court