People v Shelby (2020 NY Slip Op 01096)





People v Shelby


2020 NY Slip Op 01096


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-09818

[*1]People of State of New York, respondent,
v
Mohammed Shelby, appellant. Janet E. Sabel, New York, NY (Ellen Dille of counsel), for appellant.


Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Mario F. Mattei, J.), dated July 10, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from the presumptive risk assessment level and adjudicated the defendant a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA Risk Assessment] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the alleged mitigating circumstances identified by the defendant were either adequately taken into account by the Guidelines or the defendant failed to demonstrate that the circumstances resulted in the overassessment of his risk to public safety (see People v Saintilus, 169 AD3d 838, 839).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's request for a downward departure from his presumptive risk level, and to designate him a level two sex offender pursuant to Correction Law article 6-C.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court