People v Edmee (2020 NY Slip Op 02814)





People v Edmee


2020 NY Slip Op 02814


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2018-13497

[*1]People of State of New York, respondent,
v
Gerdzer Edmee, appellant.


Paul Skip Laisure, New York, NY (Charity L. Brady and Martin B. Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated October 31, 2018. The order, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Board of Examiners of Sex Offenders assessed the defendant a total of 85 points, which if accepted by the Supreme Court, would make him a presumptive level two sex offender. Following a hearing, the court assessed the defendant a total of 95 points, including an additional 10 points under risk factor 12 for a failure to accept responsibility—still within the range for a presumptive designation as a level two sex offender. The court denied the defendant's application for a downward departure from his presumptive risk level, and designated him a level two sex offender. On appeal, the defendant challenges the assessment of 10 additional points under risk factor 12 and the denial of his application for a downward departure from his presumptive risk level.
The issue of whether the defendant was properly assessed additional points under risk factor 12 is academic, since the assessment of those additional points did not affect the defendant's presumptive risk level (see People v Grubert, 160 AD3d 993).
A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
We agree with the Supreme Court's determination to deny the defendant's application for a downward departure from his presumptive risk level. The defendant failed to satisfy his burden of establishing an exceptional response to sex offender treatment by a preponderance of the evidence (see People v Souverain, 171 AD3d 1225; People v Artis, 162 AD3d 1081).
The support of the defendant's family was adequately taken into account by the Guidelines since it was relevant to his living situation after his discharge (see People v Felton, 175 AD3d 734; People v Hawthorne, 158 AD3d 651). His age at the time of the offense was also taken into account, and was considered an aggravating factor (see People v Adams, 174 AD3d 828). Further, the defendant's lack of a prior criminal record was also adequately taken into account by the Guidelines (see People v MacCoy, 155 AD3d 897, 898). The defendant's enrollment in educational and vocational programs while in prison was taken into account, since he was not assessed additional points for conduct while confined (see People v Santos, 174 AD3d 658).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level two sex offender.
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court