People v Quinones (2020 NY Slip Op 07609)





People v Quinones


2020 NY Slip Op 07609


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2014-01533

[*1]People of State of New York, respondent, 
v
Manuel Quinones, appellant.


Janet E. Sabel, New York, NY (Nancy E. Little of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Daniel Berman, Leonard Joblove,
and Ruth E. Ross of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Ruth Shillingford, J.), dated February 3, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the Supreme Court denied the defendant's request for a downward departure from the presumptive risk assessment level and adjudicated the defendant a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, upon weighing the aggravating and mitigating factors presented at the SORA hearing, we agree with the Supreme Court's determination that no departure was warranted and that the risk level three was the appropriate designation under the circumstances.
RIVERA, J.P., BARROS, CONNOLLY, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court