People v Ortiz (2022 NY Slip Op 02442)

People v Ortiz

2022 NY Slip Op 02442

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2021-01294

[*1]The People of the State of New York, respondent,
v
Luis Ortiz, appellant. Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Miriam Cyrulnik, J.), dated February 8, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant sought a downward departure from his presumptive level three risk designation, the Supreme Court designated the defendant a level three sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, contrary to the defendant's contention, the Supreme Court properly determined that he did not demonstrate the existence of any mitigating factor that would support a downward departure from his presumptive risk level. Accordingly, the court properly denied the defendant's application for a downward departure and designated him a level three sex offender.
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court