People v Chamorro (2025 NY Slip Op 00464)

People v Chamorro

2025 NY Slip Op 00464

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-08697

[*1]The People of the State of New York, respondent,
v
Estuardo Chamorro, appellant. Patricia Pazner, New York, NY (Anna . Boksenbaum of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered September 15, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][a]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 75 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. On appeal, the defendant challenges the denial of his application for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, he failed to demonstrate his entitlement to a downward departure. The defendant's acceptance of responsibility and remorse for his actions and lack of a prior criminal record were adequately taken into account by the Guidelines (see People v Morales, 223 AD3d 850, 851; People v Palmer, 217 AD3d 793, 794). The defendant's purported family support upon release was also adequately taken into account by the Guidelines (see People v Jackson, 221 AD3d 737, 738; People v Davis, 217 AD3d 887, 888) and, in any event, did not establish a lower likelihood of reoffense (see People v Moore, 223 AD3d 921, 923; People v Gunter, 217 AD3d 788, 790). Moreover, "[w]hile a sex offender's response to treatment, if exceptional, can [*2]be the basis for a downward departure pursuant to the Guidelines," the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (People v Grunwald, 201 AD3d 825, 826; see People v Zubradt, 224 AD3d 856, 857).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level and designated the defendant a level two sex offender.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court