People v Espinosa (2025 NY Slip Op 01828)

People v Espinosa

2025 NY Slip Op 01828

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-01055

[*1]The People of the State of New York, respondent,
v
Bonifacio Espinosa, appellant.

Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar O'Rourke and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated January 23, 2024, which, after a hearing, designated him a level two sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court assessed the defendant 80 points on the risk assessment instrument (hereinafter RAI), rendering him a presumptive level two sex offender, and denied his request for a downward departure from his presumptive risk level. The defendant was also designated a sexually violent offender because he had been convicted of offenses enumerated in Correction Law § 168-a(3). The defendant appeals.
The County Court properly assessed the defendant 20 points under risk factor 4 of the RAI (continuing course of sexual misconduct). The People established by clear and convincing evidence multiple occurrences of sexual misconduct within the temporal requirement (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006] [hereinafter Guidelines]; People v Tewel, 229 AD3d 648, 649; People v Torres, 217 AD3d 976, 976-977; People v Lyons, 199 AD3d 722, 723).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Guidelines at 4; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Alvarado, 173 AD3d 909, 910; see People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, the fact that the total number of points [*2]assessed to him was near the low end of the range for a presumptive level two designation did not, by itself, constitute a ground for a downward departure from the presumptive risk level (see People v Dockery, 233 AD3d 808, 810; People v Savino, 222 AD3d 792, 793; People v Rucano, 213 AD3d 709, 711).
The defendant was properly designated a sexually violent offender based upon his convictions of certain sex offenses (see Correction Law § 168-a[3]; Penal Law §§ 130.35, 130.50, 130.65, 130.75).
Accordingly, the County Court properly designated the defendant a level two sexually violent offender.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court