People v Warren (2020 NY Slip Op 00445)





People v Warren


2020 NY Slip Op 00445


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2016-05530

[*1]People of State of New York, respondent,
v
Karl Warren, appellant. Janet E. Sabel, New York, NY (Robin Richardson of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (John T. Hecht, J.), dated February 19, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level two sex offender based on the assessment of a total of 85 points. On appeal, the defendant contends that the court should have granted his application for a downward departure from his presumptive risk level designation.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, the defendant's vocational achievements and the support of his family were adequately taken into account by the SORA Guidelines (see People v Felton, 175 AD3d 734, 735; People v Adams, 174 AD3d 828, 829-830).
The defendant's remaining contentions as bases for a downward departure are unpreserved for appellate review and, in any event, without merit.
Accordingly, we agree with the Supreme Court's determination denying the defendant's application for a downward departure from his presumptive risk level designation as a [*2]level two sex offender.
DILLON, J.P., AUSTIN, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court