People v Monko (2020 NY Slip Op 03258)





People v Monko


2020 NY Slip Op 03258


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-02138

[*1]People of State of New York, respondent,
v
Daniel K. Monko, appellant. Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated February 13, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, after a jury trial, inter alia, of two counts of rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the County Court denied the defendant's request for a downward departure from the presumptive risk level and adjudicated the defendant a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant's contention that a downward departure was warranted based upon his "exceptional" response to sex offender treatment is unpreserved for appellate review as he did not make this argument in support of his application for a downward departure before the County Court (see People v Warren, 179 AD3d 958; People v Wilcox, 178 AD3d 1107, 1109). In any event, we agree with the court's determination that the totality of the circumstances did not warrant a departure from the presumptive risk level.
The defendant's remaining contention is without merit.
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court