People v Robinson (2020 NY Slip Op 00626)





People v Robinson


2020 NY Slip Op 00626


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2016-03676

[*1]People of State of New York, respondent,
v
Edward Robinson, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Eddie Cando on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (John B. Latella, J.), dated March 16, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a jury verdict, of rape in the first degree. At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the Supreme Court denied the defendant's request for a downward departure from the presumptive risk assessment level and adjudicated the defendant a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish that a downward departure was warranted. In particular, the defendant provided evidence that he had completed sex offender treatment and an alcohol treatment program, but he failed to establish by a preponderance of the evidence that his response to either of these treatments was exceptional (see People v Boutin, 172 AD3d 1253; People v Braithwaite, 172 AD3d 1115; People v Figueroa, 138 AD3d 708, 709; People v Santiago, 137 AD3d 762, 764).
The other alleged mitigating circumstances identified by the defendant, namely that his family and significant other were supportive of him and that he accepted responsibility for his crime, are adequately taken into account by the SORA Guidelines (see People v Felton, 175 AD3d 734, 735; People v Adams, 174 AD3d 828, 829-830; People v Santiago, 137 AD3d at 764).
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure from his presumptive risk level and designating him a level two sex offender.
DILLON, J.P., AUSTIN, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court