People v Disla (2020 NY Slip Op 04600)





People v Disla


2020 NY Slip Op 04600


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-08742

[*1]People of State of New York, respondent,
v
Rafael Disla, appellant. Paul Skip Laisure, New York, NY (Anna Kou of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Roni C. Piplani, and Michelle M. Yong of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gene Lopez, J.), dated July 28, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in Virginia, upon his plea of guilty, of use of communications systems to facilitate certain offenses involving children (see Va Code § 18.2-374.3), and possession, reproduction, distribution, solicitation, and facilitation of child pornography (see Va Code § 18.2-374.1:1). The defendant subsequently established residence in Queens County, New York, and, as required, registered as a sex offender. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was assessed 80 points, placing him within the range for a presumptive designation as a level two sex offender, and his application for a downward departure was denied.
We agree with the Supreme Court's assessment of 30 points under risk factor 3, for number of victims, and 20 points under risk factor 7, for a crime directed at strangers (see People v Gillotti, 23 NY3d 841; People v Waldman, 178 AD3d 1107, 1107; People v Kent, 175 AD3d 561, 562-563; People v Dubeau, 174 AD3d 748, 749; People v Rivas, 173 AD3d 786, 787; People v Eiss, 158 AD3d 905, 906).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to demonstrate that a downward departure was warranted. [*2]Although the defendant provided evidence that he voluntarily participated in various sex offender treatment programs, he failed to establish by a preponderance of the evidence that his response to those treatments was exceptional (see People v Robinson, 179 AD3d 1104, 1105; People v Jimenez, 178 AD3d 1099, 1099; People v Bigelow, 175 AD3d 1443, 1444).
The defendant's contention that he was entitled to a downward departure based upon his familial support, employment, and lack of a prior criminal history is unpreserved for appellate review as he failed to raise those factors as grounds for a downward departure at the SORA hearing (see People v Wilcox, 178 AD3d 1107, 1109; People v Bigelow, 175 AD3d at 1444; People v Mosqueda, 172 AD3d 1412, 1413). In any event, the defendant failed to establish an appropriate mitigating factor, including his remorse and acceptance of responsibility, which was otherwise not adequately taken into account by the Guidelines (see People v Robinson, 179 AD3d at 1105; People v Wilcox, 178 AD3d at 1109; People v Bigelow, 175 AD3d at 1444; People v Boutin, 172 AD3d 1253, 1255; People v Lehmann, 171 AD3d 957, 958; People v Ralph, 170 AD3d 900, 901).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender.
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court