People v Del-Carmen (2020 NY Slip Op 04794)





People v Del-Carmen


2020 NY Slip Op 04794


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-03239

[*1]People of State of New York, respondent,
v
Marcelo Sanchez Del-Carmen, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated February 6, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of criminal sexual act in the first degree. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from his presumptive risk assessment level of two and designated him a level two sex offender. On appeal, the defendant challenges the denial of his request for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish that a downward departure was warranted. Contrary to the defendant's contention, the fact that his score on the Static-99 classified him as a low risk to reoffend is not a circumstance which, standing alone, may be considered a mitigating factor (see People v Palomeque, 170 AD3d 1055, 1055, citing People v Curry, 158 AD3d 52, 54).
The defendant contends that his age was a mitigating factor warranting a downward departure. Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5; see People v Rodriguez, 159 AD3d 842, 842; People v Munoz, 155 AD3d 1068, 1069), the [*2]defendant failed to demonstrate that his age at the time of the SORA hearing, 40 years old, minimized his risk of reoffense and thus constituted an appropriate mitigating factor (see People v Lewis, 173 AD3d 784, 785; People v Palomeque, 170 AD3d at 1056; People v Tromba, 157 AD3d 915, 916).
While "a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional" (People v Wallace, 144 AD3d 775, 776; see People v Torres, 124 AD3d 744, 745-746; People v Migliaccio, 90 AD3d 879, 880), the defendant failed to submit evidence that his response to sex offender treatment was exceptional (see People v Robinson, 179 AD3d 1104; People v Lewis, 173 AD3d at 786; People v Palomeque, 170 AD3d at 1056).
The other alleged mitigating circumstances identified by the defendant, namely, his acceptance of responsibility, his remorse for his actions, and his disciplinary record while incarcerated, were adequately taken into account by the Guidelines (see People v Medina, 180 AD3d 818; People v Robinson, 179 AD3d at 1105; People v Rocano-Quintuna, 149 AD3d 1114, 1115).
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure from his presumptive risk level and designating him a level two sex offender.
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court