People v Ortega (2021 NY Slip Op 08268)





People v Ortega


2021 NY Slip Op 08268


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-12373

[*1]People of State of New York, respondent,
v
Warren Ortega, appellant.


Janet E. Sabel, New York, NY (Adrienne M. Gantt of counsel; Spence Jones on the brief), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Alan J. Meyer, J.), dated December 21, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level two sex offender (see Correction Law § 168-n).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; People v Jimenez, 178 AD3d 1099, 1100; see SORA: Risk Assessment Guidelines and Commentary at 4 [2006; hereinafter the Guidelines]).
Although an exceptional response to sex offender treatment may qualify as a mitigating factor that warrants a downward departure (see People v Migliaccio, 90 AD3d 879, 880), the defendant failed to prove by a preponderance of the evidence that his response to treatment was exceptional.
The remaining factors identified by the defendant were either adequately taken into account by the Guidelines, or do not tend to establish a lower likelihood of reoffense or danger to the community.
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure, and designated him a level two sex offender.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court