People v Figueroa-Acuna (2021 NY Slip Op 03619)





People v Figueroa-Acuna


2021 NY Slip Op 03619


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-06984

[*1]The People of the State of New York, respondent,
v
Luis Figueroa-Acuna, appellant. Janet E. Sabel, New York, NY (Susan Epstein of counsel), for appellant.


Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and George D. Adames of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (William E. Garnett, J.), dated May 29, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level two sex offender (see Correction Law § 168-n).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Jimenez, 178 AD3d 1099, 1100; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d 841, 861; People v Champagne, 140 AD3d 719, 720).
Although an exceptional response to sex offender treatment may qualify as a mitigating factor that warrants a downward departure (see People v Migliaccio, 90 AD3d 879, 880), the defendant failed to prove by a preponderance of the evidence that his response to treatment was exceptional (see People v Ortega, 192 AD3d 931, 932; People v Del-Carmen, 186 AD3d 878, 879).
The remaining factors identified by the defendant were either adequately taken into account by the Guidelines, or do not tend to establish a lower likelihood of reoffense or danger to the community.
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure, and designated him a level two sex offender.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court