People v Barrott (2021 NY Slip Op 06637)





People v Barrott


2021 NY Slip Op 06637


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-05242
 (Index No. 4201/06)

[*1]People of State of New York, respondent 
v
Lamont Barrott, appellant.


Janet E. Sabel, New York, NY (Lorraine Maddalo of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Lawrance Choi on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated March 20, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed a total of 130 points, and designated him a level three sex offender. The defendant appeals.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929, citing Correction Law § 168-n[3], and People v Guadeloupe, 173 AD3d 910, 911).
Contrary to the defendant's contention, the assessment of 10 points under risk factor 13 for unsatisfactory conduct while confined was supported by clear and convincing evidence (see Correction Law § 168-n[3]). The defendant's unsatisfactory conduct during his incarceration was established by his inmate disciplinary history report and the case summary, which revealed that he committed 2 tier III disciplinary violations, one of which was recent, as well as 11 tier II disciplinary violations (see People v Marquez, 165 AD3d 986, 987; People v Bower, 157 AD3d 833, 833; People v Williams, 100 AD3d 610, 611).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant [*2]makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the alleged mitigating factors consisting of the defendant's supportive family and his expression of remorse were adequately taken into account by the Guidelines (see People v Fuhrtz, 180 AD3d 944, 947; People v Santiago, 137 AD3d 762, 764).
Although an offender's response to treatment, if exceptional, can be the basis for a downward departure (see People v Garcia, 192 AD3d 833, 834), here, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Vasquez, 197 AD3d 1185; People v Robinson, 179 AD3d 1104, 1105; People v Figueroa, 138 AD3d 708, 709).
RIVERA, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court