People v Rosario (2022 NY Slip Op 02030)





People v Rosario


2022 NY Slip Op 02030


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2017-10268

[*1]The People of the State of New York, respondent,
v
Virgilio Rosario, appellant. Patricia Pazner, New York, NY (Melissa Lee of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Denise Pavlides of counsel; Lawrance Choi on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated June 7, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of rape in the first degree (Penal Law § 130.35) and robbery in the first degree (Penal Law § 160.15). At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was assessed 150 points under the risk assessment instrument, which placed him within the range for a presumptive level three designation. The Supreme Court denied the defendant's request for a downward departure, and adjudicated him a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to meet his burden of identifying an appropriate mitigating factor and establishing the facts in support thereof (see People v Wyatt, 89 AD3d at 128-129). Contrary to the defendant's contention, although "advanced age" may constitute a basis for a downward departure (Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 67 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Mitchell, 196 AD3d 516, 518; People v Wallason, 169 AD3d 728, 729). "Similarly, although a debilitating medical condition may constitute a mitigating factor where it reduces the likelihood of reoffense (see People v Collazo, 179 AD3d 1103, 1104), the defendant [*2]did not demonstrate that his medical condition[ ] would decrease the likelihood of reoffense or that such condition[ ] impaired his sexual functioning" (People v Mitchell, 196 AD3d at 518 [citations omitted]). The defendant also failed to show how the remoteness of his offense would constitute an appropriate mitigating factor under the circumstances of this case. Finally, the defendant's score on the COMPAS risk assessment does not, standing alone, qualify as an appropriate mitigating factor, and the defendant did not identify any specific, unique risk factor on the COMPAS assessment which would serve as a mitigating factor (see e.g. id. at 517).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level three sex offender.
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court