People v Robinson (2022 NY Slip Op 02295)

People v Robinson

2022 NY Slip Op 02295

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-03579

[*1]The People of the State of New York, respondent, 
v
Bernard Robinson, appellant. 

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel; Lorrie A. Zinno on the memorandum), for respondent.
Janet E. Sabel, New York, NY (Svetlana M. Kornfeind of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Suzanne Melendez, J.), dated March 8, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the third degree. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level three sex offender. On appeal, the defendant challenges the court's assessment of 15 points under risk factor 11 (drug or alcohol abuse), 10 points under risk factor 12 (acceptance of responsibility), and 20 points under risk factor 13 (conduct while confined/supervised). Moreover, the defendant contends that the court erred in denying his request for a downward departure from the presumptive risk level.
In establishing an offender's appropriate risk level assessment under SORA, the People have the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see People v Pettigrew, 14 NY3d 406, 408, citing Correction Law § 168-n[3]; People v Lopez, 192 AD3d 1050). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, and any relevant materials and evidence submitted by the parties, including reliable hearsay evidence, which may come from, among other documents, evaluative reports completed by the supervising probation officer, or case summaries prepared by the Board of Examiners of Sex Offenders" (People v Cepeda, 161 AD3d 904, 905 [citation and internal quotation marks omitted]; see People v Mingo, 12 NY3d 563, 573).
Contrary to the defendant's contention, the Supreme Court's assessment of points under risk factor 11 was proper as the People presented clear and convincing evidence of the defendant's history of drug and alcohol abuse (see People v Lowery, 140 AD3d 1141, 1142; People v Jones, 130 AD3d 601, 601). Similarly, the defendant was properly assessed points under risk factor 12 based on clear and convincing evidence that he did not genuinely accept responsibility for his actions (see People v Tuitt, 175 AD3d 517, 518; cf. People v Chiu, 123 AD3d 896, 896). Moreover, the court properly assessed the defendant points under risk factor 13 as the People established by clear and convincing evidence that the defendant received a disciplinary sanction for stalking while confined (see People v McGee, 197 AD3d 513, 514).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to demonstrate the existence of a mitigating factor not already taken into account by the Guidelines that would warrant a downward departure (see People v Gillotti, 23 NY3d at 857; People v Wyatt, 89 AD3d at 121). Moreover, "the fact that [the defendant's] score on the Static-99 classified him as a low risk to reoffend is not a circumstance which, standing alone, may be considered a mitigating factor" (People v Del-Carmen, 186 AD3d 878, 878-879; see People v Curry, 158 AD3d 52, 61).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level three sex offender.
MILLER, J.P., MALTESE, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court