People v Bonfiglio (2022 NY Slip Op 03130)





People v Bonfiglio


2022 NY Slip Op 03130


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2020-04989

[*1]The People of the State of New York, respondent,
v
James Bonfiglio, appellant.


Laurette D. Mulry, Riverhead, NY (Amanda E. Schaeffer of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Chris Ann Kelley, J.), dated March 2, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of multiple counts of criminal sexual act in the second degree, disseminating indecent material to minors in the first degree, use of a child in a sexual performance, possessing a sexual performance by a child, and endangering the welfare of a child, among other offenses. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant sought a downward departure from his presumptive level three risk designation, the County Court designated the defendant a level three sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, although the County Court erroneously applied a clear and convincing standard to the defendant's application for a downward departure, the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Medina, 165 AD3d 1184, 1184-1185; People v Ramirez, 163 AD3d 1012; People v Bowden, 88 AD3d 972, 973). On the record presented, the defendant failed to demonstrate, by a preponderance of the evidence, the existence of a mitigating factor that would warrant a downward departure from his presumptive risk level. Accordingly, the court properly denied the defendant's application for a downward departure and [*2]designated him a level three sex offender.
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court