People v Pou (2022 NY Slip Op 03752)

People v Pou

2022 NY Slip Op 03752

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2021-06860

[*1]The People of the State of New York, respondent, 
v
Robert B. Pou, appellant. 

Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Sharon Y. Brodt of counsel; Michael Tadros on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of Supreme Court, Queens County (Ushir Pandit-Durant, J.), dated September 16, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of use of a child in a sexual performance, promoting a sexual performance by a child, possessing a sexual performance by a child, and endangering the welfare of a child. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 80 points, which placed him within the range of a presumptive level two designation. The court denied the defendant's application for a downward departure to a level one designation, and designated him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly assessed 10 points under risk factor 13 for unsatisfactory conduct while confined/supervised (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006] [hereinafter Guidelines]; People v Barrott, 199 AD3d 1029; People v Guadeloupe, 173 AD3d 910, 911; People v Marquez, 165 AD3d 986, 987; People v Mabee, 69 AD3d 820, 820-821).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although a defendant's advanced age and/or a debilitating illness may warrant a downward departure (see Guidelines at 5; People v Baez, 199 AD3d 1027, 1028; People v Collazo, [*2]179 AD3d 1103, 1104), the defendant failed to proffer evidence demonstrating that either his age at the time of the SORA hearing, 58 years old, or his health resulted in an overassessment of his risk to public safety (see People v Davis, 199 AD3d 1030, 1031; People v Rivas, 185 AD3d 740, 741).
The remaining alleged mitigating factor identified by the defendant, namely, his expression of remorse, was adequately taken into account by the Guidelines (see People v Barrott, 199 AD3d at 1030; People v Del-Carmen, 186 AD3d 878, 879; People v Disla, 186 AD3d 755, 756).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court