People v Saunders (2022 NY Slip Op 05727)

People v Saunders

2022 NY Slip Op 05727

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2014-10372

[*1]The People of the State of New York, respondent, 
v
Hallie Saunders, appellant. Twyla Carter, New York, NY (Elizabeth B. Emmons of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Matthew J. D'Emic, J.), dated October 30, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the third degree. After a hearing to determine the defendant's risk level designation pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level two sex offender.
Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 4. The People presented clear and convincing evidence that he committed two or more acts of sexual misconduct, at least one of which included sexual intercourse, over a period greater than 24 hours (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006] [hereinafter Guidelines]; People v Sanchez, 136 AD3d 1007, 1007-1008; People v Lucius, 122 AD3d 819, 819). The People also presented clear and convincing evidence that the defendant has a substance abuse history, and the court properly assessed the defendant 15 points under risk factor 11 (see People v Hernandez, 153 AD3d 862, 863; People v Henriquez, 146 AD3d 911).
Contrary to the defendant's further contention, the Supreme Court properly denied his request for a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; People v Valasquez, 145 AD3d 924, 924). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gilotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish that a downward departure was warranted. Most of the alleged mitigating circumstances identified by the defendant, including his lack of criminal history, his good disciplinary record while incarcerated, his expressed remorse, and access to a supportive family upon release, are adequately taken into account by the Guidelines (see People v Barrott, 199 AD3d 1029, 1030; People v Torres, 124 AD3d 744, 745). Moreover, although a "'defendant's response to [sex offender] treatment may qualify as a ground for a downward departure where the response is exceptional'" (People v Del-Carmen, 186 AD3d 878, 879, quoting People v Wallace, 144 AD3d 775, 776), here, the defendant failed to establish that his response to such treatment was exceptional (see People v Del-Carmen, 186 AD3d at 879; People v Robinson, 179 AD3d 1104, 1105; People v Riverso, 96 AD3d 1533, 1534). Additionally, contrary to the defendant's contention, "the fact that his score on the Static-99 classified him as a low risk to reoffend is not a circumstance which, standing alone, may be considered a mitigating factor" (People v Del-Carmen, 186 AD3d at 878-879). Further, the fact that the total points assessed to the defendant fell on the lowest end of the range for a level two designation does not warrant a downward departure (see People v Nicholson, 195 AD3d 758, 759). The defendant failed to demonstrate, by a preponderance of the evidence, the existence of any other mitigating factors that would warrant a departure from his presumptive risk level (see People v Bonfiglio, 205 AD3d 826).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
Accordingly, the Supreme Court properly designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court