People v Laboriel (2022 NY Slip Op 06505)

People v Laboriel

2022 NY Slip Op 06505

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-01624

[*1]The People of the State of New York, respondent,
v
Amin Laboriel, appellant. 

Twyla Carter, New York, NY (Denise Fabiano of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Eric C. Washer, and Aaron Spurlock of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Richard Buchter, J.), dated January 24, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the second degree in connection with sexual acts that he committed against a 10-year-old child who resided in a homeless shelter where the defendant was employed as a caseworker. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant was designated a level two sex offender. On appeal, the defendant challenges the assessment of points under risk factor 7 and the denial of his request for a downward departure.
Contrary to the defendant's contention, he was properly assessed points under risk factor 7. The People established, by clear and convincing evidence, that the defendant abused a professional relationship for the purpose of victimizing the 10-year-old child (see People v Moore-Johnson, 178 AD3d 1102; People v Somodi, 170 AD3d 1056; People v Stanley, 165 AD3d 1185; People v Riverso, 96 AD3d 1533, 1533-1534; People v Briggs, 86 AD3d 903, 903-904).
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Jones, 196 AD3d 515, 515, quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, a departure is not required, but the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants the requested departure (see People v Gillotti, 23 NY3d at 861; People v Jones, 196 AD3d 515).
Here, the defendant failed to demonstrate the existence of a mitigating factor not [*2]already taken into account by the Guidelines that would warrant a downward departure from his presumptive risk level of two to risk level one (see People v Gillotti, 23 NY3d at 857; People v Jones, 196 AD3d at 515; People v Wyatt, 89 AD3d at 121). Contrary to the defendant's contention, a score on the Static-99R or COMPAS instrument reflecting a low risk to reoffend may not, standing alone, be considered a mitigating factor (see People v Saunders, ___ AD3d ___, 2022 NY Slip Op 05727 [2d Dept]; People v Robinson, 204 AD3d 708, 710; People v Rosario, 203 AD3d 1087, 1088; People v Del-Carmen, 186 AD3d 878, 878-879). Further, the fact that the total points assessed to the defendant fell on the lower end of the range for a level two designation does not, in and of itself, warrant a downward departure (see People v Nicholson, 195 AD3d 758). The remaining alleged mitigating factors identified by the defendant, namely his lack of criminal history, disciplinary record while incarcerated, and participation in sex offender treatment, were all adequately taken into account by the Guidelines (see People v Saunders, ___ AD3d ___, 2022 NY Slip Op 05727; People v Barrott, 199 AD3d 1029, 1030).
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court