People v Johnson (2023 NY Slip Op 04998)

People v Johnson

2023 NY Slip Op 04998

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-07146

[*1]The People of the State of New York, respondent,
v
Shaun Johnson, appellant. Patricia Pazner, New York, NY (William Kastin of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Keerthana Nunna of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Donald Leo, J.), dated September 27, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant was designated a level two sex offender following his conviction of rape in the second degree and forcible touching. On appeal, the defendant contends that the Supreme Court erred in denying his request for a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d 728, 728-729; see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure from his presumptive risk level. The defendant contends, with respect to his conviction of rape in the second degree, that the victim's lack of consent was due only to an inability to consent by virtue of her age. "The Board or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [under risk factor 2 of the risk assessment instrument] results in an over-assessment of the offender's risk to public safety" (Guidelines at 9; see People v Permenter, 208 AD3d 905). Here, a downward departure is not warranted on this ground considering, among other things, the age disparity between the then 26-year-old defendant and the then 12-year-old victim (see People v Permenter, 208 AD3d 905; People v Blount, 195 AD3d 956; People v Lin, 188 AD3d 1109; People v Dadd, 170 AD3d 898), as well as the fact that [*2]the defendant also committed the offense of forcible touching against another 12-year-old victim.
The defendant's lack of a prior criminal record was adequately taken into account by the Guidelines (see People v Oyola, 217 AD3d 791, 793; People v Edmee, 183 AD3d 766, 768).
The support of the defendant's family was adequately taken into account by the Guidelines since it was relevant to his living situation upon his release from prison (see People v Edmee, 183 AD3d at 767).
The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit.
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from the presumptive risk level and designated him a level two sex offender.
DUFFY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court