People v Zubradt (2024 NY Slip Op 00920)

People v Zubradt

2024 NY Slip Op 00920

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-07594

[*1]The People of the State of New York, respondent,
v
Jennifer L. Zubradt, appellant.

Margaret M. Walker, Poughkeepsie, NY (Jennifer Burton of counsel), for appellant.
Anthony P. Parisi, Poughkeepsie, NY (Amie M. Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an amended order of the County Court, Dutchess County (Edward T. McLoughlin, J.), dated August 22, 2022, which, after a hearing, designated her a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the amended order is affirmed, without costs or disbursements.
The defendant was convicted, upon her plea of guilty, of rape in the third degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court assessed the defendant a total of 85 points on the risk assessment instrument, denied her application for a downward departure, and designated her a level two sex offender. The defendant appeals.
"A defendant seeking a downward departure from a presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Umanzor, 189 AD3d 1479, 1480, quoting People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d 728, 728-729). "The Board [of Examiners of Sex Offenders] or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [for sexual contact with the victim under risk factor 2] results in an over-assessment of the offender's risk to public safety" (Guidelines at 9; see People v Quirindongo, 153 AD3d 863).
Here, while the evidence indicates that the victim's lack of consent was due solely to an inability to consent by virtue of his age, a downward departure is not warranted considering, among other things, the 18-year age disparity between the 33-year-old defendant and the 15-year-old victim at the time of the subject offense (see People v Saul, 220 AD3d 892; People v Quirindongo, 153 AD3d at 863-864). Further, the defendant's purported acceptance of responsibility for her actions, lack of a prior criminal record, and support from her family were adequately taken into [*2]account by the Guidelines (see People v Johnson, 220 AD3d 705; People v Infantino, 215 AD3d 768, 771; People v Melendez, 210 AD3d 1121, 1122). Although an exceptional response to treatment may qualify as a mitigating factor that warrants a downward departure, the defendant failed to demonstrate by a preponderance of the evidence that her response to sex offender counseling was "exceptional" (see People v Payne, 216 AD3d 1187, 1188; People v Miranda, 211 AD3d 976, 977). Further, contrary to the defendant's contention, her score on a COMPAS risk assessment does not, standing alone, qualify as an appropriate mitigating factor, and the defendant did not identify any specific, unique risk factor on the COMPAS assessment which would serve as a mitigating factor (see People v Linares, 217 AD3d 974, 975; People v Laboriel, 210 AD3d 916, 917; People v Rosario, 203 AD3d 1087, 1088). Moreover, no other factors identified by the defendant showed that her presumptive risk level overassessed the risk and danger of reoffense (see People v Anderson, 137 AD3d 988).
Accordingly, the County Court properly denied the defendant's application for a downward departure and designated her a level two sex offender.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court