People v Fahey (2025 NY Slip Op 06741)

People v Fahey

2025 NY Slip Op 06741

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-08279

[*1]The People of the State of New York, respondent,
v
Michael Fahey, appellant.

Andrew E. MacAskill, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Michael J. Balch of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), entered June 27, 2024, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to rape in the first degree and course of sexual conduct against a child in the second degree. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 120 points on the risk assessment instrument, which rendered him a presumptive level three sex offender. The court denied the defendant's application for a downward departure from the presumptive risk level and designated him a level three sex offender. The defendant appeals.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Del-Carmen, 186 AD3d 878, 878, quoting People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Del-Carmen, 186 AD3d at 878).
Contrary to the defendant's contention, the Supreme Court did not err in determining that the defendant's response to sex offender treatment was adequately taken into account by the Guidelines (see People v Cronin, 235 AD3d 914, 915; People v Pareja-Hidalgo, 222 AD3d 892, 893). The defendant failed to allege, much less meet his burden of establishing, that his response to treatment was exceptional (cf. People v Washington, 84 AD3d 910).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level three sex offender.
LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court